IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br>v.<br><br>JEFFREY CHARLES ZANDER,<br><br>　　　　　　Defendant. | **MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S [176] MOTION TO RECONSIDER**<br><br>Case No.: 2-10-CR-1088-DN-EJF<br><br>District Judge David Nuffer |

This matter came before the court on Defendant Jeffrey Zander's ("Zander") motion for reconsideration of his motion to dismiss.[1] The matter was fully briefed. After considering the parties' arguments, and based upon the reasoning set forth herein, Zander's motion is denied.

## BACKGROUND

Zander was convicted by a jury of two counts of mail fraud, two counts of wire fraud, one count of money laundering, and three counts of willful failure to file tax returns for the years 2005, 2006, and 2007, respectively. Zander moved to dismiss the indictment prior to trial. In his original motion, Zander argued that the indictment should be dismissed because FBI Special Agent Steven Kleinlein's testimony to the Grand Jury "falsely represented" that Zander personally mailed grant applications to the BIA and subsequently personally applied for grant money. Zander's motion was fully briefed and denied by the court from the bench. No written order was issued denying Zander's original motion.

Zander now asks for reconsideration of his motion to dismiss, arguing that manifest injustice will occur if the indictment is not dismissed. The basis for this purported manifest

---
[1] Docket no. 176, filed March 12, 2013.

injustice is essentially the same as Zander's earlier motion to dismiss, which was denied. Relying again on *Bank of Nova Scotia v. United States*,[2] Zander argues "grave doubt" exists about whether Agent Kleinlein's alleged false testimony to the Grand Jury influenced its decision to indict. According to Zander, Agent Kleinlein's testimony was false because it intimated that Zander personally mailed letters related to the fraudulent scheme, which Zander argues he did not do. Zander argues that the United States failed to correct this false testimony, and that it was material to the indictment.

Relying on *United States v. Lake*,[3] Zander also claims that because the mailings were required by law and did not contain false or fraudulent information, they cannot be used to satisfy the requisite elements of the mail fraud statute. Zander claims that because the Grand Jury was not made aware of the *United States v. Lake* case, it was misled with regard to the mail fraud statute leading to the indictment.

## DISCUSSION

I.  The Grand Jury was not Misled by Agent Kleinmann's Testimony.

Zander's argument places too much reliance on only certain portions of Agent Kleinlein's testimony, while ignoring the context of that testimony. A review of Agent Kleinlein's entire testimony eliminates any "grave doubt" about whether the Grand Jury was misled about the mailings and communications for which Zander was indicted. Agent Kleinlein testified:[4]

---

[2] 487 U.S. 250 (1988).

[3] 472 F.3d 1247, 1256 (10th Cir. 2005).

[4] Docket no. 182-1 at p. 8, Transcript of Kleinlein's Grand Jury testimony, filed October 2, 2013.

```
 2        Q.   Once a tribe is selected and their grant is
 3   approved, meaning the money is designated to them to create
 4   an IRMP, are there additional requirements from the tribe
 5   after that?
 6        A.   Yes.  Once they are awarded the grant the
 7   awarding official at the BIA in Phoenix prepares final
 8   documents.  Those documents are mailed to the tribe, the
 9   tribes has to sign those, execute those, mail those back
10   and then they are free to begin work on the IRMP, spend
11   money and later request reimbursement based on the grant.
```

Agent Kleinlein also discussed the Superseding Indictment in his testimony to the Grand Jury. It unequivocally states that the letters and wires for which Zander was charged with mail fraud and wire fraud, respectively, were not mailed or transmitted by Zander. Rather, the letters were mailed by the Bureau of Indian Affairs and the wires originated from the Bureau of Indian Affairs and the United States Treasury: Agent Kleinlein testified:[5]

```
20        Q.   I turn your attention, and the members of the
21   grand jury, to pages 8 and 9.  This lays out the mail fraud
22   charges against Mr. Zander.  These are counts 1 and 2.  On
23   page 9 there is a chart.  Can you explain to the members of
24   the grand jury this chart lays out the specific mailing
25   that the government is charging Mr. Zander with, can you

                                                            17
```

---

[5] *Id*. at pp. 17-18.

> 1  explain what this mailing is and how that aided Mr. Zander
> 2  in carrying out his scheme to defraud?
> 3      A.   Yes.  These two mailings were the delivery with
> 4  a letter and attached grant agreement requesting the tribe
> 5  sign those agreement.  They were sent in separate mailings
> 6  in United States Postal certified mail each addressed from
> 7  Phoenix, Arizona to Cedar City, Utah.
> 8      Q.   Were they sent in response to Mr. Zander
> 9  proposing an IRMP plan to the BIA?
> 10     A.   Yes.
> 11     Q.   Counts 3 and 4 they charge Mr. Zander with
> 12 wire fraud.  On the bottom of page 10 are descriptions of
> 13 the specific wires the government is charging Mr. Zander in
> 14 using to assist in his fraudulent scheme.  Can you tell the
> 15 members of the grand jury exactly what these wire
> 16 communications are and how they aided Mr. Zander in his
> 17 scheme to defraud?
> 18     A.   Yes.  Count 3 is a fax from the BIA office in
> 19 St. George, Utah requesting funds be delivered to the
> 20 tribe.  The fax was sent from Southern Paiute Agency to the
> 21 Western Virginia office requesting payment on two different
> 22 grants.  Count 4 is actually the funding of the grant where
> 23 a transfer came from Kansas City, Missouri from the U.S.
> 24 Department of Treasury to the State Bank of Southern Utah,
> 25 the tribe's account, in Cedar City, Utah.
>
>                                                         18

In sum, no doubt exists about whether the Grand Jury was misled by Agent Kleinlein's testimony. Review of the entirety of his testimony removes all doubt and makes clear the basis for Zander's indictment. The Grand Jury did not indict Zander because he personally mailed the letters or transmitted the wires, but because the mailings and wires further his fraudulent scheme.

II.  The Mailings are Not Required to Contain False or Fraudulent Statements.

Zander's contention that the Grand Jury should have been informed of the holding in *United States v. Lake* is misplaced. As set forth in greater detail in the memorandum decision and order denying Zander's Rule 29 motion,[6] *United States v. Lake* is distinguishable. Though the mailings and wires in this case were devoid of any false or fraudulent statements, they were incident to the fraudulent scheme. *But for* Zander's fraudulent scheme, the letters and wires would never have been sent.

Based on the foregoing, Zander's motion to reconsider his motion to dismiss is DENIED.

Signed October 26, 2013.

BY THE COURT:

_____
David Nuffer
United States District Judge

---

[6] Docket no. 183, filed October 2, 2013.